# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0882-18T1

A.L.R.,

     Plaintiff-Respondent,

v.

J.P.P.,

     Defendant-Appellant.

_____

Argued October 3, 2019 – Decided October 11, 2019

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FV-19-0130-19.

Fredrick L. Rubenstein argued the cause for appellant (James P. Nolan and Associates, LLC, attorneys; Fredrick L. Rubenstein, on the brief).

Respondent has not filed a brief.

PER CURIAM

The parties to this domestic violence action – plaintiff A.L.R. (Andrea, a fictitious name) and defendant J.P.P. (James, also fictitious) – were in a dating relationship from May 2017 until the August 2018 event in question. After hearing the parties' testimony over the course of a two-day final hearing, and after hearing closing arguments,[1] the judge found that James assaulted Andrea and that a final restraining order (FRO) was required to protect her from further domestic violence.

James appeals, arguing in a single point that the trial judge "abused [his] discretion when [he] granted [Andrea's] request for a [FRO] under the Prevention of Domestic Violence Act," N.J.S.A. 2C:25-17 to -35. In essence, James argues that the evidence was insufficient to support the judge's finding that James physically assaulted Andrea on the day their dating relationship ended. In so arguing, James contends that the judge erred in finding Andrea credible. We find insufficient merit in this or any other arguments that might be discerned from James's brief to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few brief comments.

Although the parties offered different versions of what occurred, Judge Ralph E. Amirata found – based on his determination that Andrea was the more

---

[1] Only James was represented by counsel.

credible witness – that after a verbal altercation in Andrea's residence, James grabbed Andrea's keys and other property and, in the judge's words, "headed down the road . . . in a rapid fashion" with Andrea in pursuit. When she caught up, Andrea "reached out to grab her keys and grab her items back" and was "met" by James's elbow to her face. James then "grabb[ed]" Andrea "in the throat area" and "put[]" her "to the ground." The judge reached the logical conclusion from these circumstances that James assaulted Andrea.

We have been presented with no good reason for second guessing the judge's findings or his determination, after hearing and see both parties testify, that Andrea was more credible than James. Indeed, our standard of review requires deference to such findings when supported, as here, by "adequate, substantial and credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0882-18T1